**Jose Javier Cabrera RAYA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71027.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Jose Javier Cabrera Raya, Montebello, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Javier Cabrera Raya, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's ("IJ") decision deny-ing his motion to reopen deportation proceedings in which he was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252, and review the denial of a motion to reopen for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We grant the petition for review and remand for further proceedings.

We conclude that the IJ abused his discretion in denying Cabrera Raya's motion to reopen because neither of the reasons given for denial is legally sufficient. The record does not support the IJ's statement that Cabrera Raya was told the date of his hearing "twice on the record." In addition, the IJ erred in describing Cabrera Raya's motion as "7 years too late." *See Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir.2004) (per curiam) ("As there is no time limitation for motions to reopen in absentia orders based on lack of notice, the IJ could not create one as a matter of discretion."). We decline to consider arguments made by the government that were not relied on by the agency. *Id.* at 1185 ("We know of no reason why the rule of [*INS v. Orlando Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)] should not be applied to arguments advanced by the INS which were not relied on by the [agency], as well as to those made by a petitioner....").

Accordingly, we remand this case for reconsideration of Cabrera Raya's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.